IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                                     No. 2:05CR355 JEC

RICHARD DEE THOMAS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

        THIS MATTER comes before me on Defendant's *Third Motion to Continue Trial*, filed December 12, 2005 (*Doc. 31*), and Defendant's *Motion for Permission to Present Necessity as an Affirmative Defense*, filed October 3, 2005 (*Doc. 24*) (collectively "Motions").  Having considered the Motions, the parties' submissions, and the relevant authority, I find the Motions not well-taken and they are, for the reasons discussed briefly below, DENIED.

**I.**    **Motion to Continue**

        Defendant, through counsel, requests that the current trial setting of this matter on January 11, 2006 be continued for approximately one month.  As primary grounds for his request, Defendant asserts that he suffers from various physical maladies which have hampered his ability to effectively participate with counsel in preparing for trial.  Specifically, Defendant refers to carpel tunnel syndrome in his right, writing hand; four bulging disks in his neck which require him to wear "special

shoes" and cause him pain affecting his concentration; and "ongoing problems with high blood pressure and diabetes, which has [sic] begun to limit the amount of time he can spend with counsel at any given time." Mot. at 2. Though I am not entirely unsympathetic to any severe pain Defendant may be enduring, the very nature of Defendant's ailments renders the relief he seeks inconsequential. It cannot be reasonably presumed, nor has it even been asserted by Defendant, that Defendant's hand and back pain would be cured in one month's time. Nor, doubtless, would an "ongoing" problem with high blood pressure be so resolved. Moreover, the nature of the disease of diabetes virtually ensures that it will not be cured in a month.

Given the unlikelihood that Defendant's condition will improve in a month, or even several, I find no prejudice to Defendant to offset the strong interests in resolving this matter in a speedy and expeditious manner. I determine, instead, that Defendant's physical condition appears likely to worsen over time, having the potential to adversely affect his ability to participate in his own defense at trial given further delay.[1] Thus, I determine that the interests of justice are best served by rejecting Defendant's request.

## II. <u>Necessity Defense</u>

The question before me on this Motion is whether Defendant has established an entitlement to offer evidence that he had no reasonable legal alternative to threatening the life of Chief Judge Dee Benson through a written, mailed communication. It is with little difficulty that I find he has not.

In the Tenth Circuit, the necessity defense may excuse an otherwise unlawful act if a

---

[1]Indeed, counsel for Defendant has represented that the diabetes and high blood pressure have "begun to limit" his time with counsel. I can only assume from this statement that the situation will likely worsen.

defendant shows that "(1) there was no legal alternative to violating the law; (2) the harm to be prevented is imminent; and (3) a direct, causal relationship is reasonably anticipated to exist between defendant's action and the avoidance of harm." *United States v. Unser*, 165 F.3d 755, 764 (10th Cir. 1999) (citing *United States v. Meraz-Valeta*, 26 F.3d 992, 995 (10th Cir. 1994)). "'The defense of necessity does not arise from a 'choice' of several courses of action.... It can be asserted only by a defendant who was confronted with...a crisis which did not permit a selection from among several solutions, some of which did not involve criminal acts.'" *United States v. Turner*, 44 F.3d 900, 901 (10th Cir. 1995).

In this case it is clear that Defendant's frustration with a delay in proceedings, even if of understandable origin, cannot give rise to a need to threaten the life of a judge. The alternative, legal solutions available to Defendant are clear and do not bear enumerating here. *See, e.g.*, 28 U.S.C. § 351(a). The harm Defendant perceived could not have legitimately necessitated the action he allegedly took. Thus, Defendant's Motion is denied.

WHEREFORE,

**IT IS ORDERED** that Defendant's *Third Motion to Continue Trial*, filed December 12, 2005 (*Doc. 31*), and Defendant's *Motion for Permission to Present Necessity as an Affirmative Defense*, filed October 3, 2005 (*Doc. 24*) are DENIED.

Dated this 4th day of January, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:
    Kimberly Hare, AUSA

       Paul Charlton, AUSA
       Phoenix Arizona

Counsel for Defendant:

       Robert Steele, AFPD
       Salt Lake City, Utah